**FILED - GR**
December 30, 2010 1:49 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY mrs / SCANNED BY RmW 1/5

UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN

SHONI JO BALLANS,
    Plaintiff,

-vs.-                              DEMAND FOR JURY TRIAL

REDLINE RECOVERY SERVICES, LLC,        1:10-cv-1304
a foreign limited liability company,            Robert Holmes Bell
    Defendant.                                    US District Judge

## COMPLAINT & JURY DEMAND

Plaintiff, Shoni Jo Ballans, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C.
2. §§1331,1337.
3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

4. The Defendant to this lawsuit is Redline Recovery Services, LLC ("Redline") which is a limited liability company with its registered office in East Lansing, Michigan.

1

## VENUE

5. The transactions and occurrences which give rise to this action occurred in Eaton County, MI.

6. Venue is proper in the Western District of Michigan.

## GENERAL ALLEGATIONS

7. Defendant Redline is a collection agency and has been retained to collect a consumer type debt from the Plaintiff.

8. Plaintiff is an adult.

9. Defendant Redline first contacted the Plaintiff via a letter on November 26, 2010.

10. On December 10, 2010, Defendant contacted the Plaintiff four times within a 20 minute period.

11. On December 9, 2010, Redline contacted the Plaintiff's mother in connection with the collection of a debt. The Defendant left a voicemail at the mother's residence even though the Plaintiff has not lived with her mother in over 20 years.

12. The Defendant contacted the Plaintiff's mother again on December 16, 2010 by telephone. In that conversation, Plaintiff's mother informed the Defendant that the Plaintiff does not reside with her and that the telephone number is not a good one for the Plaintiff.

13. During that conversation, the Defendant disclosed the debt to the mother.

14. On December 20, 2010, Defendant again contacted the Plaintiff's mother in connection with the collection of the debt.

15. Defendant's actions violate the Fair Debt Collection Practices Act for which the Plaintiff has suffered damages.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates the preceding allegations by reference.

17. At all relevant times Defendant - in the ordinary course of its business - regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

18. Plaintiff is a "consumer" for purposes of the FDCPA and the account upon which Redien is attempting to collect is a consumer debt.

19. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

20. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692c; and 15 U.S.C. §1692d.

21. The Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT II - MICHIGAN OCCUPATIONAL AS ALTERNATIVE TO CLAIMS UNDER THE MICHIGAN COLLECTION PRACTICES ACT

22. Plaintiff incorporates the preceding allegations by reference.

23. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

24. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

25. Defendant's foregoing acts in attempting to collect this alleged debt violated M.C.L. §339.915(n).

26. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

27. These violations of the Michigan Occupational Code were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted.

December 24, 2010         /s/ Gary Nitzkin
                          GARY D. NITZKIN (P 41155)
                          NITZKIN & ASSOCIATES
                          Attorneys for Plaintiff
                          22142 West Nine Mile Road
                          Southfield, MI 48034
                          (248) 353-2882
                          Fax (248) 353-2882
                          Email - gnitzkin@creditor-law.com